A CERTIFIED TRUE COPY
APR 1 8 2006
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

06 C. 3025

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

APR 1 8 2006

*DOCKET NO. 1755*

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

JUDGE McMAHON

## IN RE BAYOU HEDGE FUNDS INVESTMENT LITIGATION

*Jewish Federation of Metropolitan Chicago v. Bayou Management, LLC, et al.,* D. Connecticut, C.A. No. 3:05-1401
*Broad-Bussel Family LP, et al. v. Bayou Group, LLC, et al.,* D. Connecticut, C.A. No. 3:05-1762
*DePauw University v. Hennessee Group LLC, et al.,* S.D. Indiana, C.A. No. 2:05-249
*Thomas Gleason v. Bayou Management, LLC, et al.,* S.D. New York, C.A. No. 7:05-8532

**BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### TRANSFER ORDER

This litigation currently consists of two actions in the District of Connecticut and one action each in the Southern District of Indiana and the Southern District of New York. Plaintiffs in one of the District of Connecticut actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Connecticut. Plaintiff in the Southern District of Indiana action, DePauw University (DePauw), opposes centralization. One group of defendants[1] in two of the four actions opposes centralization for the sole purpose of objecting to jurisdiction and venue for trial at any situs other than the Southern District of New York, but these defendants otherwise have no objection to plaintiffs' motion for transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning allegedly fraudulent activity in the operation of one or more Bayou investment funds.[2] Centralization under Section 1407 is necessary

---

[*] Judges Hodges and Keenan did not participate in the decision of this matter.

[1] Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee (the Hennessee defendants).

[2] Bayou Superfund, LLC; Bayou No Leverage Fund, LLC; Bayou Affiliates Fund, LLC; Bayou Accredited Fund, LLC; Bayou Offshore Fund, LLC; Bayou Fund, LLC; Bayou Offshore Fund A, LTD; Bayou Offshore Fund B, LTD; Bayou Offshore Fund C, LTD; Bayou Offshore Fund D, LTD; Bayou

(continued...)

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

- 2 -

in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

DePauw argues in opposition to centralization that resolution of its action will depend on facts not present in the other actions, like the specific advice given to DePauw by the Hennessee defendants regarding DePauw's investment in the Bayou hedge funds, and that centralization is therefore unnecessary. We disagree. The alleged improprieties regarding the Bayou hedge funds forms the factual backdrop to all actions presently before the Panel. Moreover, the Hennessee defendants are named in two of the four actions. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We conclude that the Southern District of New York is an appropriate transferee forum for this litigation. Three government civil actions[3] regarding the Bayou hedge funds are currently pending there, as well as the criminal proceedings against Israel and Marino. By centralizing this litigation before Judge Colleen McMahon, who presides over those five government matters and the New York action before the Panel, we are assigning this litigation to a jurist who is familiar with the litigation and has the experience necessary to steer this litigation on a prudent course.

---

[2](...continued)
Offshore Fund E, LTD; Bayou Offshore Fund F, LTD; and Bayou Offshore Master Fund, LTD (collectively the Bayou hedge funds). These funds are named as defendants in one or more actions. Defendants in multiple actions also include Bayou Group, LLC; Bayou Management, LLC; Bayou Securities, LLC; Bayou Advisors, LLC; Bayou Equities, LLC; and the Bayou hedge funds' key principals, Samuel Israel, III (Israel) and Daniel E. Marino (Marino), who have pled guilty to multiple criminal counts of fraud and other charges in connection with their operation of the Bayou hedge funds.

[3] These actions were brought against certain defendants by, respectively, the Securities and Exchange Commission, the Commodity Futures Trading Commission, and the United States Attorney for the Southern District of New York.