UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWISH FEDERATION OF METROPOLITAN CHICAGO,<br><br>Plaintiff,<br><br>v.<br><br>BAYOU MANAGEMENT, LLC, SAMUEL ISRAEL, III, DANIEL MARINO, BAYOU GROUP, LLC, BAYOU SECURITIES, LLC, BAYOU ADVISORS, LLC, BAYOU EQUITIES, LLC, BAYOU FUND, LLC, BAYOU SUPER FUND, LLC, BAYOU NO LEVERAGE FUND, LLC, BAYOU AFFILIATES FUND, LLC, BAYOU ACCREDITED FUND, LLC, BAYOU OFFSHORE FUND, LLC, BAYOU OFFSHORE FUND A, LTD, BAYOU OFFSHORE FUND B, LTD, BAYOU OFFSHORE FUND C, LTD, BAYOU OFFSHORE FUND D, LTD, BAYOU OFFSHORE FUND E, LTD, BAYOU OFFSHORE FUND F, LTD BAYOU OFFSHORE MASTER FUND, LTD, and DOES 1-25, Inclusive,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br><br><br><br><br><br><br><br><br>September 2, 2005 |

## MOTION TO REQUIRE EXPEDITED
## DISCOVERY AND PRESERVATION OF DOCUMENTS

Pursuant to Rules 26(d) and 33(a) of the Federal Rules of Civil Procedure, and for the reasons set forth in Plaintiff's accompanying Memorandum of Law in support of this Motion, Plaintiff hereby moves for the entry of an order (1) allowing Plaintiff to conduct expedited discovery and (2) requiring Defendants to preserve documents, in aid of Plaintiff's motion for a Preliminary Injunction as set forth in the accompanying Motion for a Temporary Restraining Order and Memorandum in support thereof and as supported by the accompanying Affidavit of David R. Brief and the exhibits annexed thereto.

A proposed order is attached.

WHEREFORE, Plaintiff requests that the Court grant this Motion, enter the relief requested on the attached Proposed Order, and grant such other and further relief that the Court deems proper.

Jewish Federation of Metropolitan Chicago
By its attorneys,

_____
William L. Prickett
Kent D.B. Sinclair, Fed. Bar No. ct14649
Noah Lang
Jodi D. Luster
SEYFARTH SHAW, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Tel: 617-946-4800
Fax: 617-946-4801
ksinclair@seyfarth.com

Gerald T. Giaimo
Tyler Cooper & Alcorn, LLP
205 Church St.
New Haven, CT 06509-1910
Tel: 203-784-8557
Fax: 203-865-7865
Giaimo@tylercooper.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JEWISH FEDERATION OF METROPOLITAN
CHICAGO,

Plaintiff,

v.

BAYOU MANAGEMENT, LLC, SAMUEL ISRAEL, III,
DANIEL MARINO, BAYOU GROUP, LLC, BAYOU
SECURITIES, LLC, BAYOU ADVISORS, LLC, BAYOU
EQUITIES, LLC, BAYOU FUND, LLC, BAYOU SUPER
FUND, LLC, BAYOU NO LEVERAGE FUND, LLC,
BAYOU AFFILIATES FUND, LLC, BAYOU
ACCREDITED FUND, LLC, BAYOU OFFSHORE
FUND, LLC, BAYOU OFFSHORE FUND A, LTD,
BAYOU OFFSHORE FUND B, LTD, BAYOU
OFFSHORE FUND C, LTD, BAYOU OFFSHORE FUND
D, LTD, BAYOU OFFSHORE FUND E, LTD, BAYOU
OFFSHORE FUND F, LTD, BAYOU OFFSHORE
MASTER FUND, LTD, and DOES 1-25, Inclusive,

Defendants.

Civil Action No.

September 2, 2005

*[PROPOSED]*

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff, the Jewish Federation of Metropolitan Chicago (the "Federation" or "Plaintiff"), has filed a Complaint, and applied *ex parte* for a Temporary Restraining Order, an Order permitting expedited discovery, and an Order to show cause why a Preliminary Injunction should not issue pursuant to Rule 65 of the Federal Rules of Civil Procedure.

This Court has considered the Federation's Motion for Expedited Discovery and all other papers filed concurrently therewith. After consideration, it appears to the Court that that Defendants have failed to communicate with Plaintiff regarding Plaintiff's investments in certain

hedge funds owned and operated by Defendants. It further appears that absent the entry of an Order providing for expedited discovery, there exists significant risk that Defendants may take steps that could compromise the integrity of discoverable materials related to the transactions at issue, and that compromising those materials would cause irreparable harm to Plaintiffs. It also appears that expedited discovery is essential if Plaintiff is to ascertain the identity of other potential defendants and the location of relevant assets. The Court also finds that to enter an order allowing expedited discovery would prejudice neither Defendants nor related third parties in any material way.

## ORDER

IT IS THEREFORE ORDERED, that the Federation's Motion for Expedited Discovery is GRANTED.

### I. EXPEDITED DISCOVERY

IT IS FURTHER ORDERED that in anticipation of the preliminary injunction hearing in this matter, plaintiffs are granted leave, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, to take the deposition of any person at any time after the date of this Order, and that two (2) days notice shall be deemed sufficient for such depositions; and that pursuant to Rules 34 and 36, defendants' response to any request for admissions served by the plaintiffs and production of requested documents shall be within five (5) days after service of the request.

### II. THIRD-PARTY DISCOVERY

IT IS FURTHER ORDERED that the Commission is granted leave, at any time after service of this Order, to take the deposition of any person or entity for the purpose of discovering the nature, location, status, and extent of assets of defendants, and the location of documents reflecting the business transactions of Defendants, and to demand the production of documents

from any person or entity relating to the nature, status, and extent of the Defendants' assets and the location of documents reflecting the business transactions of the defendants; forty-eight (48) hours notice shall be deemed sufficient for any such deposition and five (5) days notice shall be deemed sufficient for the production of any such documents. Expedited discovery for any other purpose shall not be allowed except by Order of the Court for good cause shown. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this paragraph.

SO ORDERED, this _____ day of September 2005, at _____ o'clock, \_\_\_\_.m.,

_____
United States District Judge

NY1 25134132.1