UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWISH FEDERATION OF METROPOLITAN CHICAGO | : : : | |
| v. | : : | Civ. Action No. 3:05CV1401 (SRU) |
| BAYOU MANAGEMENT, LLC, SAMUEL ISRAEL, III, DANIEL MARINO, BAYOU GROUP, LLC, BAYOU SECURITIES, LLC, BAYOU ADVISORS, LLC, BAYOU EQUITIES, LLC, BAYOU FUND, LLC, BAYOU SUPER FUND, LLC, BAYOU NO LEVERAGE FUND, LLC, BAYOU AFFILIATES FUND, LLC, BAYOU ACCREDITED FUND, LLC, BAYOU OFFSHORE FUND, LLC, BAYOU OFFSHORE FUND A, LTD, BAYOU OFFSHORE FUND B, LTD, BAYOU OFFSHORE FUND C, LTD, BAYOU OFFSHORE FUND D, LTD, BAYOU OFFSHORE FUND E, LTD, BAYOU OFFSHORE FUND F, LTD, BAYOU OFFSHORE MASTER FUND, LTD, AND DOES 1-25, Inclusive. | : : : : : : : : : : : : : | |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

The Plaintiff, the Jewish Federation of Metropolitan Chicago (the "Federation" or "Plaintiff"), has filed a complaint, and applied *ex parte* for a temporary restraining order with asset freeze, an order permitting expedited discovery, and an order to show cause why a preliminary injunction should not issue pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

This Court has considered the Federation's Complaint, *Ex Parte* Motion for Temporary Restraining Order to Preserve *Status Quo*, Memorandum In Support of Motion for Temporary Restraining Order, the Affidavit or David Brief and Exhibits, and all other papers filed concurrently therewith. After consideration, it appears to the Court that the Defendants have

failed and refused to pay more than four million dollars ($4,000,000) due and owing to the Plaintiff, and that unless the *status quo* is preserved, the Federation may be irreparably harmed by the depletion of Defendants' assets, the transfer of assets beyond the jurisdiction of this Court, the potential unequal treatment of similarly situated shareholders, and the destruction or loss of documents and data pertinent to the action.

This Court further finds that: (i) the Federation is likely to succeed on the merits of one or more of its equitable causes of action in the above-captioned matter, (ii) there is good cause to believe that immediate and irreparable harm, injury, loss and damage, in the form of Defendants moving, transferring or otherwise hiding assets, will result to the Federation if relief is not granted; (iii) the balance of hardships tips in favor of the plaintiff; and (iv) there is good cause for issuing this Temporary Restraining Order without prior notice to Defendants pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

The Court further finds that the Federation need not post security under Rule 65(c) of the Federal Rules of Civil Procedure because this Temporary Restraining Order merely requires Defendants to preserve the *status quo*. Further, because it is unlikely that Defendants will suffer harm absent the posting of a bond, the Court does not require security at this time.

IT IS THEREFORE ORDERED, that the Federation's *Ex Parte* Motion for Temporary Restraining Order to Preserve *Status Quo* is GRANTED, in part.

Defendants Bayou Management, LLC, Bayou Group, LLC, Bayou Offshore Fund, LLC, and Bayou Offshore Fund B, Ltd (collectively the "Enjoined Defendants"), their oficers, directors, agents, servants, employees, attorneys, subsidiaries, divisions, affiliates, successors, assigns, and those persons in active concert or participation with them who receive actual notice

of this Order, by personal service or otherwise, are hereby temporarily restrained, enjoined and prohibited from directly or indirectly transferring, converting, disbursing, spending, selling, assigning, encumbering, pledging, hypothecating, alienating, dissipating, concealing, withdrawing, paying, diminishing the value of, or otherwise disposing of in any manner, any funds, property (real and/or personal), accounts, contracts, shares of stock, bonds, cash, or other assets belonging to, or in the possession, custody or control, in whole or in part, of any Enjoined Defendant, wherever located.

The assets affected by this Order include, but are not limited to, any assets held by or for any Enjoined Defendant in any account at any bank or savings and loan institution, or with any financial or brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, precious metal dealer, trustee, or other financial institutions of any kind.  This Order shall apply to both existing assets and assets acquired after issuance of this Order.  The Enjoined Defendants shall hold and account for these assets and all payment received by them, including, but not limited to, borrowed funds or property and gifts.

Upon receipt of this Order, each Enjoined Defendant shall immediately provide a copy of this Order to each of their respective officers, directors, agents, servants, employees, attorneys, partners, independent contractors, representatives, subsidiaries, divisions, affiliates, successors, and assigns.  The Enjoined Defendants shall maintain records sufficient to establish the identity of each person or entity who is provided with a copy of this Order as instructed herein, and the respective dates and methods used to transmit the copies of this Order.

This Temporary Restraining Order shall remain in effect until 4:30 p.m. on Friday, September 16, 2005, unless within such time it is extended by the Court.

IT IS FURTHER ORDERED, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, that each of the Enjoined Defendants shall appear in Courtroom No. 1, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut, on the 16th day of September at 4:00 p.m., or as soon thereafter as counsel can be heard, to show cause, if there is any, why this Court should not enter a preliminary injunction containing the relief provided herein or sought in Plaintiff's Motion for Temporary Restraining Order and imposing whatever additional relief may be appropriate.

IT IS FURTHER ORDERED, that service of this Temporary Restraining Order, and all other papers filed simultaneously therewith by the Federation, on or before September 12, 2005, shall be deemed sufficient service. The Enjoined Defendants, in responding to the Court's Order to Show Cause, shall serve all memoranda, affidavits, and other evidence on which they intend to rely so that they are actually received by Plaintiff's attorneys not later than 4:00 p.m. on September 15, 2005, as follows: (1) on the Federation's lead counsel, William L. Prickett, Esq. and Kent D.B. Sinclair, Esq., Two Seaport Lane, Boston, Massachusetts 02210 or by facsimile on Attorneys Prickett and Sinclair at (617) 946-4877; and (2) on Plaintiff's local counsel Gerald T. Giaimo, Esq., 205 Church Street, New Haven, Connecticut 06509 or by facsimile on Attorney Giaimo at (203) 789-2133.

SO ORDERED, this 6th day of September, 2005 at 5:17 o'clock, p.m.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge