UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWISH FEDERATION OF METROPOLITAN CHICAGO | : : : | |
| v. | : : | Civ. Action No. 3:05CV1401 (SRU) |
| BAYOU MANAGEMENT, LLC, SAMUEL ISRAEL, III, DANIEL MARINO, BAYOU GROUP, LLC, BAYOU SECURITIES, LLC, BAYOU ADVISORS, LLC, BAYOU EQUITIES, LLC, BAYOU FUND, LLC, BAYOU SUPER FUND, LLC, BAYOU NO LEVERAGE FUND, LLC, BAYOU AFFILIATES FUND, LLC, BAYOU ACCREDITED FUND, LLC, BAYOU OFFSHORE FUND, LLC, BAYOU OFFSHORE FUND A, LTD, BAYOU OFFSHORE FUND B, LTD, BAYOU OFFSHORE FUND C, LTD, BAYOU OFFSHORE FUND D, LTD, BAYOU OFFSHORE FUND E, LTD, BAYOU OFFSHORE FUND F, LTD, BAYOU OFFSHORE MASTER FUND, LTD, AND DOES 1-25, Inclusive. | : : : : : : : : : : : : : | |

## RULING AND ORDER

Plaintiff's Motion for Expedited Discovery and for preservation of documents is GRANTED.

The parties are granted leave, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, to take the deposition of any person at any time after the date of this Order, and that five (5) days' notice shall be deemed sufficient for such depositions; and that pursuant to Rules 34 and 36, a party's response to any request for admissions or document request shall be within seven (7) business days after service of the request.

The plaintiff is granted leave, at any time after service of this Order, to take deposition of any person or entity for the purpose of discovering the nature, location, status, and extent of

assets of Defendants, and the location of documents reflecting the business transactions of Defendants, and to demand the production of documents from any person or entity relating to the nature, status, and extent of the Defendants' assets and the location of documents reflecting the business transactions of the Defendants; five (5) days' notice shall be deemed sufficient for any such deposition and seven (7) days' notice shall be deemed sufficient for the production of any such documents. The limitations and conditions set forth in Rule 30(a)(2) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this paragraph.

The Defendants are hereby temporarily restrained, enjoined and prohibited from destroying, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, any books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronic mail (a/k/a e-mail), instant messages, electronically stored data, metadata, banking records, brokerage records, shareholder information, invoices, telephone records, voice mail ledgers, payroll records or other documents, data, or tangible things of any kind, including information stored in computer form, in Defendants' possession, custody or control.

If Defendants' business practices involve the routine destruction, recycling, relocation or migration of such materials, Defendants must, to the extent practicable for the pendency of this order, either: (1) halt such business processes; (2) sequester or remove such material from the business process in a way that will not alter or destroy the materials; or (3) arrange for the preservation of complete and accurate duplicates or copies of such material (including preservation of complete and accurate duplicates or copies of such material (including metadata),

suitable for later discovery if requested.

The term "document" as used herein is to be interpreted broadly, to include all material falling within the scope of Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26(c)(2) of the Rules of this Court, and specifically includes: electronic mail (a/k/a e-mail); instant messages, electronically stored data; metadata; voicemail; computer and network activity logs; hard drives, backup data; removable computer storage media such as tapes, disks and cards, printouts, document image files; web pages, internet use logs; data bases; spreadsheets; software, digital or chemical process photographs; video; and phonographic, tape, and digital recordings or transcripts thereof.

It is so ordered.

Dated at Bridgeport this 6th day of September, 2005.

                                                      /s/ Stefan R. Underhill  
                                                     Stefan R. Underhill  
                                                     United States District Judge