UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWISH FEDERATION OF METROPOLITAN CHICAGO,<br><br>Plaintiff,<br><br>v.<br><br>BAYOU MANAGEMENT, LLC, SAMUEL ISRAEL, III, DANIEL MARINO, BAYOU GROUP, LLC, BAYOU SECURITIES, LLC, BAYOU ADVISORS, LLC, BAYOU EQUITIES, LLC, BAYOU FUND, LLC, BAYOU SUPER FUND, LLC, BAYOU NO LEVERAGE FUND, LLC, BAYOU AFFILIATES FUND, LLC, BAYOU ACCREDITED FUND, LLC, BAYOU OFFSHORE FUND, LLC, BAYOU OFFSHORE FUND A, LTD, BAYOU OFFSHORE FUND B, LTD, BAYOU OFFSHORE FUND C, LTD, BAYOU OFFSHORE FUND D, LTD, BAYOU OFFSHORE FUND E, LTD, BAYOU OFFSHORE FUND F, LTD BAYOU OFFSHORE MASTER FUND, LTD, and DOES 1-25, Inclusive,<br><br>Defendants. | Civil Action No. 3:05cv1401 (SRU)<br><br><br><br>September 15, 2005 |

## NOTICE OF BANKRUPTCY FILING

Plaintiff, Jewish Federation of Metropolitan Chicago (the "Federation"), hereby notifies the Court that on September 9, 2005, Ancillary Proceedings were initiated under 11 U.S.C. § 304 in the United States Bankruptcy Court for the District of Connecticut and a temporary restraining order was entered that, among other things, prohibits the continuation of legal proceedings against the following seven (7) Cayman entities that are subject to the liquidation proceedings in the Grand Court of the Cayman Islands: (1) Bayou Offshore Master Fund, Ltd.; (2) Bayou Offshore Fund A, Ltd.; (3) Bayou Offshore Fund B, Ltd.; (4) Bayou Offshore Fund C, Ltd.; (5) Bayou Offshore Fund D, Ltd., (6) Bayou Offshore Fund E, Ltd., and (7) Bayou Offshore Fund F,

Ltd. A copy of the Order to Show Cause With Respect to Temporary Restraining Order and For Preliminary Injunction (the "Order") issued by the Bankruptcy Court is attached as Exhibit 1.

Each of the seven (7) Cayman entities involved in the Ancillary Proceedings are defendants in the above-captioned action. None of the other twelve (12) Defendants in the case before this Court are involved in the Ancillary Proceedings.

Respectfully submitted,

Jewish Federation of Metropolitan Chicago,

By its attorneys,

_____/s/ Kent D.B. Sinclair_____
William L. Prickett, Fed. Bar. No. ct20907
Kent D.B. Sinclair, Fed. Bar No. ct14649
Jodi D. Luster, Fed. Bar. No. phv0543
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Tel: 617-946-4800
Fax: 617-946-4801
wprickett@seyfarth.com
ksinclair@seyfarth.com
luster@seyfarth.com

Gerald T. Giaimo
Tyler Cooper & Alcorn, LLP
205 Church St.
New Haven, CT 06509-1910
Tel: 203-784-8557
Fax: 203-865-7865
Giaimo@tylercooper.com

2

BO1 15737364.1



**RECEIVED**

**SEP 1 3 2005**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Provisional Liquidators for Bayou Offshore Master Fund, Ltd.,<br>    Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05-51154 |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Provisional Liquidators for Bayou Offshore Fund A, Ltd.,<br>    Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05- 51155 |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Provisional Liquidators for Bayou Offshore Fund B, Ltd.,<br>    Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05- 51156 |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Provisional Liquidators for Bayou Offshore Fund C, Ltd.,<br>    Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05- 51157 |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Official Liquidators for Bayou Offshore Fund D, Ltd.,<br>    Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05- 51158 |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Official Liquidators for Bayou Offshore Fund E, Ltd.,<br>    Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05- 51159 |
| In re:<br>Petition of GORDON I. MACRAE and G. JAMES CLEAVER, as Joint Official Liquidators for Bayou Offshore Fund F, Ltd.,<br>    Debtor in a Foreign Proceeding. | In an Ancillary Proceeding Under § 304 of the Bankruptcy Code<br>Case No. 05- 51160 |

## ORDER TO SHOW CAUSE WITH RESPECT TO TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

Upon the application of Gordon I. MacRae and G. James Cleaver (the "Petitioners"), as Joint Provisional Liquidators (the "JPLs") of (a) Bayou Offshore Master Fund, Ltd., an exempted limited company ("ELC") organized and incorporated under the laws of the Cayman Islands (the "Master Fund"), (b) Bayou Offshore Fund A, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund A"), (c) Bayou Offshore Fund B, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund B"), and (d) Bayou Offshore Fund C, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund C", and together with the Master Fund, Fund A, and Fund B, the "First Group of Funds"), and as Joint Official Liquidators ("Liquidators") of (x) Bayou Offshore Fund D, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund D"), (y) Bayou Offshore Fund E, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund E"), and (z) Bayou Offshore Fund F, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund F", and together with Fund D and Fund E, the "Second Group of Funds") (the First Group of Funds and Second Group of Funds collectively constituting the "Funds") for an Order to Show Cause With Respect to Temporary Restraining Order and for Preliminary Injunction pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, Rule 65 of the Federal Rules of Civil Procedure and sections 105 and 304(b) of title 11 of the United States Code (the "Bankruptcy Code"), and the Court having considered and reviewed the Petitioners' *Memorandum of Points and Authorities in Support of Petitions And Application for an Order to Show Cause* submitted on September 9, 2005, the proposed form of Summons attached hereto as Exhibit "A" (which is hereby approved in all respects), the petitions filed to commence these ancillary section 304 cases, each dated September 9, 2005 (the "Petitions"), the

Affidavits of Gordon Iain MacRae and Arley D. Finley, III each dated September 8, 2005, the Declaration of Andrew John Jones QC dated September 8, 2005 and the several Orders of the Grand Court of the Cayman Islands (the "Grand Court") respectively dated September 2, 2005 or September 8, 2005, appointing and recognizing Petitioners as Joint Provisional Liquidators of the Funds in the First Group of Funds or as Joint Official Liquidators of the Funds in the Second Group of Funds (as annexed to the Petitions, collectively the "Grand Court Orders"), and based upon the foregoing and representations of counsel, the Court finds and concludes as follows:

(1) Petitioners have demonstrated a substantial likelihood of success or have raised serious questions on the merits of their contentions that the Funds are subject to pending foreign proceedings and Petitioners are foreign representatives of the Funds, within the meaning of sections 101(23), 101(24) and 304 of the Bankruptcy Code;

(2) The commencement or continuation of any judicial, arbitral, administrative, or regulatory action or proceeding involving the Funds, or any property in which the Funds have an interest, or any proceeds thereof, or the withdrawal from, setting-off against, or other application of property, including funds or other property in any account, in which the Funds have an interest, in the United States, should be enjoined pursuant to section 304(b) of the Bankruptcy Code to permit expeditious and economical administration of the Funds' affairs in aid of the pending proceedings brought under Cayman Islands law, and the relief requested will not cause hardships to the parties that are not outweighed by the benefits;

(3) Unless a restraining order is issued, it appears to the Court that one or more parties-in-interest may commence or continue the prosecution of judicial, arbitral, administrative, or regulatory actions or proceedings involving the Funds, or property in which the Funds have an interest, or the proceeds thereof, and/or seek to retain assets of the Funds, and/or withdraw from, set-off against, or otherwise apply property, including funds or other property in accounts, in which the Funds have an interest, in the United States, thereby interfering with, and causing harm to, Petitioners' efforts to administer the Funds' affairs and, as a result, the Petitioners will suffer immediate and irreparable injury for which they will have no adequate remedy at law;

(4) The interest of the public will be served by this Court's granting of the relief requested by the Petitioners; and

(5) Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW IT IS, THEREFORE, **ORDERED** that all parties-in-interest in this matter shall show cause before this Court, in Room 123 of the U.S. Bankruptcy Court for the District of

Connecticut, 915 Lafayette Boulevard, Bridgeport, CT, on October 5, 2005, at 10:00 a.m. (the "Show Cause Hearing Date"), or as soon thereafter as counsel may be heard, why the Court should not (1) recognize Gordon I. MacRae and G. James Cleaver as the Funds' "foreign representatives" in the Cayman Island Proceedings and acknowledge that such proceedings are "foreign proceedings" (as defined under 11 U.S.C. § 304 and its related case law), and (2) further grant, as described in the application, a preliminary injunction (the "Preliminary Injunction"):

a. Enjoining all persons and entities from (i) taking any action to obtain possession of or exercise control over property, or the proceeds of such property, of the Funds in the United States; (ii) taking any action to create, perfect or enforce any lien against the Funds or their property, or the proceeds of such property, in the United States; (iii) transferring, relinquishing or disposing of any property of the Funds, or the proceeds of such property, in the United States; (iv) commencing or continuing any action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of counterclaim, against the Funds, or any of their property, or any proceeds thereof, in the United States, and seeking discovery of any nature against the Funds; and (v) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Funds, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim against the Funds, or any of their property, or any proceeds thereof, in the United States;

b. requiring all persons or entities in possession, custody or control of property of the Funds, or the proceeds thereof, in the United States, to turn over and account for such property or its proceeds to the Petitioners;

c. requiring creditors of the Funds and all other persons or entities that have a claim of any nature or source against any of the Funds and who are a party to any action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever, except for these 304 cases) which is pending in the United States in which any of the Funds are or were named as a party, or as a result of which a liability of the funds may be established, to place the Petitioners' United States counsel, Diamond McCarthy Taylor Finley Bryant & Lee, L.L.P. (Attn: Arley D. Finley, III and Kyung S. Lee), 6504 Bridgepoint Parkway, Suite 400, Austin, Texas 78730 and Petitioners' Cayman Islands counsel, Maples and Calder (Attn: Aristos Galatopoulos, PO Box 309GT, Ugland House, South Church Street, George

Town, Grand Cayman, Cayman Islands), on the master service of any such action or other legal proceeding and to take such other steps as may be necessary to ensure that such counsel receive (i) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding, and (ii) any and all correspondence, or other documents circulated to parties named in the master service list;

d. enjoining and restraining all persons and entities (including all creditors of the Funds, and anyone acting on their behalf) from taking any action and/or engaging in any efforts to collect any amounts due, in the United States, including, but not limited to, sending a notice of default or notice of acceleration as a result of the commencement of these ancillary proceedings under 11 U.S.C. § 304 or the foreign proceedings; and

e. awarding the Petitioners such other and further relief as is just.

It is further

**ORDERED**, that pending the hearing on the Petitioners' application for the Preliminary Injunction, the relief sought by such application as described in paragraphs (a), (c), (d) and (e) above only, shall be deemed to be hereby **GRANTED** on a temporary basis. It is further

**ORDERED**, that objections, if any, to Petitioners' request for a Preliminary Injunction shall be filed with the Court either (a) by filing electronically in accordance with the Court's Local CM/ECF Rules (which can be found at www.ctb.uscourts.gov) by registered users of the Court's electronic filing system, or (b) on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, by all other parties-in-interest, and in each instance, by delivering a hard copy directly to Chambers and served on Diamond McCarthy, et al., LLP (Attn: Arley D. Finley, III and Kyung S. Lee), 6504 Bridgepoint Parkway, Suite 400, Austin, TX 78730 and on Zeisler & Zeisler, P.C. (Attn: James Berman), 558 Clinton Avenue, P.O. Box 3186, Bridgeport, CT 06605-0186, attorneys for Petitioners, so as to be received on or before September 30, 2005, at 4:00 p.m. (Connecticut time). It is further

**ORDERED**, that should any party-in-interest – upon notice to and reasonable opportunity for a response by the Petitioners establish to the Court's satisfaction grounds for an emergency hearing regarding the temporary relief granted herein prior to the Show Cause Hearing Date, the Court shall hear such matters on an expedited basis. It is further

**ORDERED**, that pursuant to Bankruptcy Rule 7065, security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived. It is further

**ORDERED**, that on or before September 12, 2005, this Order to Show Cause shall be served by Petitioners (i) by hand delivery, overnight courier, facsimile or by regular first class mail, postage prepaid, upon all persons identified in the Service List; and (ii) by publication of a Notice of Preliminary Injunction, substantially in the form of Exhibit "C" hereto, which is hereby approved in all respects, to be published in the *Wall Street Journal* (national edition) on or before September 14, 2005. It is further

**ORDERED**, that also on or before September 12, 2005, this Order to Show Cause shall be served by Petitioners, by hand delivery, overnight courier, facsimile or by regular first class mail, postage prepaid, to the last known address of all known investors in any one or more of the Funds. Consistent with the Cayman Islands' Confidential Relationships (Preservation) Law (1995 Rev.), which provides for the confidentiality of the identities of investors in Cayman funds and shareholders of Cayman companies and which requires prior consent before any disclosure of the same, Petitioners shall not be required to publicly disclose the names or identities of the Funds' investors/shareholders in connection with the Petitions or any other filings related to the initial commencement of these proceedings. Petitioners shall, as soon as practicable, submit for the Court's consideration proposed procedures that will allow for such information to be filed with

the Court "under seal" (for in camera review) in connection with filings subsequently made herein. It is further

**ORDERED**, that service in accordance with the preceding paragraphs of this Order to Show Cause shall constitute good and sufficient service and adequate notice for all purposes.

Dated: Bridgeport, Connecticut
September 9, 2005

*Alan H. W. Shiff*
Alan H. S. Shiff
United States Bankruptcy Judge