## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWISH FEDERATION OF METROPOLITAN CHICAGO | : | |
| | : | |
| v. | : | Civ. Action No. 3:05CV1401 (SRU) |
| BAYOU MANAGEMENT, LLC, SAMUEL ISRAEL, III, DANIEL MARINO, BAYOU GROUP, LLC, BAYOU SECURITIES, LLC, BAYOU ADVISORS, LLC, BAYOU EQUITIES, LLC, BAYOU FUND, LLC, BAYOU SUPER FUND, LLC, BAYOU NO LEVERAGE FUND, LLC, BAYOU AFFILIATES FUND, LLC, BAYOU ACCREDITED FUND, LLC, BAYOU OFFSHORE FUND, LLC, BAYOU OFFSHORE FUND A, LTD, BAYOU OFFSHORE FUND B, LTD, BAYOU OFFSHORE FUND C, LTD, BAYOU OFFSHORE FUND D, LTD, BAYOU OFFSHORE FUND E, LTD, BAYOU OFFSHORE FUND F, LTD, BAYOU OFFSHORE MASTER FUND, LTD, AND DOES 1-25, Inclusive. | : | |

## **PRELIMINARY INJUNCTION ORDER**

The Plaintiff, the Jewish Federation of Metropolitan Chicago (the "Federation" or "Plaintiff"), has filed a complaint, and has sought entry of a preliminary injunction pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

This Court previously entered and once extended a temporary restraining order, and ordered the defendants to show cause why a preliminary injunction should not issue. After consideration of all papers filed in this action, it appears to the court that the defendants have failed and refused to pay more than four million dollars ($4,000,000) due and owing to the plaintiff, and that unless the *status quo* is preserved, the Federation may be irreparably harmed by the depletion of defendants' assets, the transfer of assets beyond the jurisdiction of this court, the

potential unequal treatment of similarly situated shareholders, and the destruction or loss of documents and data pertinent to the action.

This Court further finds that: (i) the Federation is likely to succeed on the merits of one or more of its equitable causes of action in the above-captioned matter, (ii) there is good cause to believe that immediate and irreparable harm, injury, loss and damage, in the form of defendants moving, transferring or otherwise hiding assets, will result to the Federation if relief is not granted; and (iii) the balance of hardships tips in favor of the plaintiff.

The court further finds that the Federation need not post security under Rule 65(c) of the Federal Rules of Civil Procedure because this preliminary injunction order merely requires defendants to preserve the *status quo*. Further, because it is unlikely that defendants will suffer harm absent the posting of a bond, the court does not require security at this time.

IT IS THEREFORE ORDERED, that Defendants Bayou Management, LLC, Bayou Group, LLC, Bayou Offshore Fund, LLC, and Bayou Offshore Fund B, Ltd (collectively the "Enjoined Defendants"), their oficers, directors, agents, servants, employees, attorneys, subsidiaries, divisions, affiliates, successors, assigns, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are hereby enjoined and prohibited from directly or indirectly transferring, converting, disbursing, spending, selling, assigning, encumbering, pledging, hypothecating, alienating, dissipating, concealing, withdrawing, paying, diminishing the value of, or otherwise disposing of in any manner, any funds, property (real and/or personal), accounts, contracts, shares of stock, bonds, cash, or other assets belonging to, or in the possession, custody or control, in whole or in part, of any Enjoined Defendant, wherever located.

The assets affected by this Order include, but are not limited to, any assets held by or for any Enjoined Defendant in any account at any bank or savings and loan institution, or with any financial or brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, precious metal dealer, trustee, or other financial institutions of any kind.  This Order shall apply to both existing assets and assets acquired after issuance of this Order.  The Enjoined Defendants shall hold and account for these assets and all payment received by them, including, but not limited to, borrowed funds or property and gifts.

Notwithstanding the foregoing, nothing in this Order shall be construed as enjoining or prohibiting any transaction required a court order issued in a forfeiture proceeding brought against any Enjoined Defendant by the United States of America.

Upon receipt of this Order, each Enjoined Defendant shall immediately provide a copy of this Order to each of their respective officers, directors, agents, servants, employees, attorneys, partners, independent contractors, representatives, subsidiaries, divisions, affiliates, successors, and assigns.  The Enjoined Defendants shall maintain records sufficient to establish the identity of each person or entity who is provided with a copy of this Order as instructed herein, and the respective dates and methods used to transmit the copies of this Order.

SO ORDERED, this 21st day of September 2005 at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill  
Stefan R. Underhill  
United States District Judge