UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWISH FEDERATION OF METROPOLITAN CHICAGO, Plaintiff, v. BAYOU MANAGEMENT, LLC, et al., Defendants. | § § § § § § § | Civil Action No. 3:05-cv-1401-SRU |

## NOTICE OF OFFSHORE FUNDS' ANCILLARY PROCEEDINGS PURSUANT TO 11 U.S.C. § 304 AND OF STAY ARISING FROM PRELIMINARY INJUCTIONS

Defendants Bayou Offshore Master Fund, Ltd. ("Master Fund"), Bayou Offshore Fund A, Ltd. ("Fund A"), Bayou Offshore Fund B, Ltd. ("Fund B"), Bayou Offshore Fund C, Ltd. ("Fund C"), Bayou Offshore Fund D, Ltd. ("Fund D"), Bayou Offshore Fund E, Ltd. ("Fund E") and Bayou Offshore Fund F, Ltd. ("Fund F") (all such Cayman Islands entities collectively constituting the "Offshore Funds") – through Gordon MacRae and James Cleaver (together, the "Petitioners"), respectively as Joint Provisional Liquidators of Master Fund, Fund A, Fund B and Fund C, and as Joint Official Liquidators of Fund D, Fund E, Ltd. and Fund F – file this *Notice of Offshore Funds' Ancillary Proceedings Pursuant to 11 U.S.C. § 304 and of Stay Arising From Preliminary Injunctions* (this "Notice") and would respectfully show the Court as follows:

1.    The Offshore Funds are defendants in the above-styled action No. 3:05-cv-1401 (the "Civil Action") commenced prior to September 9, 2005 (the "Petition Date"), by the Jewish Federation Of Metropolitan Chicago ("Plaintiff"), which filed its Complaint herein on September 2, 2005. The "Verified Petitions" were filed, and a "TRO" temporarily enjoining this Civil Action with respect to the Petitioners and Offshore Funds was entered, prior to the expiration of any time period within which the Offshore Funds' would have been required to move, answer or otherwise respond to the Plaintiff's Complaint (such highlighted terms being defined below).

**Notice of Ancillary Proceedings and Preliminary Injunctions — Page 1**        87066.1

2. Pursuant to Orders dated in early September 2005 as entered by the Grand Court of the Cayman Islands (the "Cayman Court") in Causes No. 394 through 397 and 403 through 405 of calendar year 2005, the Petitioners are liquidators and foreign representatives of each of the Offshore Funds in connection with foreign liquidation proceedings pending in and under the supervision of the Cayman Court (collectively, the "Cayman Proceedings").

3. On the Petition Date, the Petitioners filed sworn petitions on behalf of each of the Offshore Funds pursuant to 11 U.S.C. § 304 (the "Verified Petitions") to commence proceedings ancillary to the Cayman Proceedings in the United States Bankruptcy Court, District of Connecticut ("Bankruptcy Court"). Such proceedings (the "Ancillary Proceedings") were docketed as Case Nos. 05-51154 through 05-51160 before the Bankruptcy Court. Procedurally, pursuant to an Order of the Bankruptcy Court entered on October 5, 2005, the Ancillary Proceedings are all being jointly administered under the Master Fund's "lead" Case No. 05-51154 designation.

4. Also on the Petition Date, the Bankruptcy Court entered in the Ancillary Proceedings an *Order to Show Cause with Respect to Temporary Restraining Order and for Preliminary Injunction* (the "Show Cause Orders"), granting Petitioners a temporary restraining order ("TRO") and setting a hearing for consideration of Petitioners' requests for further injunctive relief. On or before September 21, 2005, the Petitioners served notice of the Verified Petitions, TRO and Show Cause Orders by publication and by U.S. mail upon various parties, including Plaintiff's counsel and substantially all other defendants identified by the Plaintiffs' complaint.[1]

5. Prior to the October 5, 2005 hearing on Petitioners' requests for injunctive relief (the "Show Cause Hearing"), the Plaintiff's counsel filed a notice of appearance in the Ancillary Proceedings. At the Show Cause Hearing, Petitioners announced their agreement to modify the

---

[1] In addition to the seven Offshore Funds, Plaintiffs have named "Bayou Offshore Fund, LLC" as defendant. Petitioners have no independent personal knowledge regarding whether such an entity exists.

**Notice of Ancillary Proceedings and Preliminary Injunctions — Page 2**     87066.1

issuing injunctions in order to resolve certain objections made by other parties. The Bankruptcy Court then announced its intent to approve such modifications and grant the Verified Petitions.[2]

6. Pursuant to its rulings at the Show Cause Hearing, the Bankruptcy Court entered an *Order For Preliminary Injunction And Granting Of Petitions Under Section 304* in each of the Ancillary Proceedings dated on October 5, 2005 (the "Injunction Order", *see* Exhibit "A" attached hereto), pursuant to which the Bankruptcy Court issued a preliminary injunction that, *inter alia*:

> a. enjoins all persons and entities – except in limited circumstances that do not apply to this Civial Action – from (i) taking any action to obtain possession of or exercise control over the books, records and property of the Offshore Funds in the U.S.; (ii) taking any action to create, perfect or enforce any lien against the Offshore Funds or their property in the U.S.; (iii) transferring, relinquishing or disposing of any property of the Offshore Funds in the U.S.; (iv) commencing or continuing any action or other legal proceeding against the Offshore Funds, or any of their property in the U.S.; and/or (v) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Offshore Funds, and commencing or continuing any act or action or other legal proceeding or counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim against the Offshore Funds, or any of their property in the U.S.;

> b. requires all parties that have a claim of any nature or source against any of the Offshore Funds and who are a party to any action or other proceeding which is pending in the U.S. in which any Offshore Funds are named as a party, to place Petitioners' U.S. counsel, Diamond McCarthy Taylor Finley & Lee, L.L.P. (Attn: Arley D. Finley), 6504 Bridgepoint Parkway, Suite 400, Austin, Texas 78730 and Cayman Islands counsel, Maples and Calder (Attn: Aristos Galatopoulos, PO Box 309GT, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands), on the master service list of any such action or other proceeding and to take such other steps as may be necessary to ensure that such counsel receive (i) copies of all documents served by the parties to, issued by the court having jurisdiction over, such action or proceeding, and (ii) all correspondence, or other documents circulated to parties named in the master service list; and

> c. enjoins and restrains all persons and entities (including all creditors of the Offshore Funds and anyone acting on their behalf) from taking any action or engaging in any efforts to collect any amounts due, in the U.S., from any of the Offshore Funds.

Pursuant to 11 U.S.C. § 304, other applicable bankruptcy law, the Show Cause Order and the Injunction Order, this Civil Action is consequently stayed as to each of the Offshore Funds.

---

[2] The modifications fully resolved prior objections of Silver Creek Capital Management LLC and Silver Creek Long/Short Holdings L.L.C. ("Silver Creek"), whose *Motion to Dismiss for Lack of Venue* in and *Motion for Withdrawal of the Reference* to the Bankruptcy Court are consequently being withdrawn by Silver Creek.

**Notice of Ancillary Proceedings and Preliminary Injunctions — Page 3**          87066.1

7. The Petitioners, on behalf of the Offshore Funds, are filing this Notice to formally notify this Court, Plaintiff, other defendants and third parties who may review the docket of this Civil Action about: (a) the Ancillary Proceedings' commencement; and (b) entry of the Injunction Order. By filing this Notice for such a sole limited purpose, neither Petitioners nor any Offshore Funds are making any general, special or other appearance in this Civil Action, and they reserve all of their rights in such regard should the Plaintiff or any other party contend otherwise.

Respectfully submitted on October 14, 2005, by:

> DIAMOND McCARTHY TAYLOR
> FINLEY & LEE, L.L.P.
>
> By: _/s/ Douglas M. Stum (by permission)_
> Arley D. Finley, III (TX 07020400)
> Douglas M. Stum (TX 00798532)
> 6504 Bridgepoint Parkway, Suite 400
> Austin, Texas 78730
> Telephone: (512) 617-5200; Fax: (512) 617-5299
>
> – AND –
>
> ZEISLER & ZEISLER, P.C.
>
> By: _/s/ Jeffrey Hellman_
> James Berman (CT 06027)
> Jeffrey Hellman (CT 04102)
> 558 Clinton Avenue
> Bridgeport, Connecticut 06605-0186
> Telephone: (203) 368-4234; Fax: (203) 367-9678
>
> **U.S. COUNSEL FOR PETITIONERS**

## CERTIFICATE OF SERVICE

I certify that, on or before October 14, 2005, copies of the foregoing *Notice* were served by email and by first class U.S. mail, postage prepaid upon Plaintiff's lead counsel of record, Kent Sinclair and Jodi Luster of Seyfarth Shaw, LLP, and also by first class U.S. mail, postage prepaid (and other means noted, if any), to all other parties as shown on the following Service List.

> _/s/ Douglas M. Stum_
> Douglas M. Stum

# SERVICE LIST

William L. Prickett, Esq.
Jodi D. Luster, Esq.
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210

Gerald T. Giaimo, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509-1910

Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Daniel Marino
261 Bayberry Lane
Westport, CT 06880

Bayou Management, LLC
40 Signal Road
Stamford, CT 06902

Bayou Management, LLC
C/o Faust Rabbach & Oppenheim
488 Madison Avenue
New York, NY 10022

Bayou Management, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Securities, LLC
40 Signal Road
Stamford, CT 06902

Bayou Securities, LLC
C/o Thomas J. Williams, Esq.
99 Indian Field Point Rd., Ste. B
Greenwich, CT 06830

Bayou Securities, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Fund, LLC
40 Signal Road
Stamford, CT 06902

Bayou Fund, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Advisors LLC
40 Signal Road
Stamford, CT 06902

Bayou Advisors, LLC
C/o Faust Rabbach & Oppenheim
488 Madison Avenue
New York, NY 10022

Bayou Advisors, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Advisors, LLC
C/o Secretary of the State
30 Trinity Street
Hartford, CT 06106-0470

Bayou Equities, LLC
40 Signal Road
Stamford, CT 06902

Bayou Equities, LLC
C/o Faust Rabbach & Oppenheim
488 Madison Avenue
New York, NY 10022

Bayou Equities, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Equities, LLC
C/o Secretary of the State
30 Trinity Street
Hartford, CT 06106-0470

Bayou Accredited Fund, LLC
40 Signal Road
Stamford, CT 06902

Bayou Accredited Fund, LLC
C/o National Registered Agents, Inc.
9 East Loockerman, Suite 1B
Dover, DE 19901

87180.1

Bayou Accredited Fund, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Accredited Fund, LLC
C/o Secretary of the State
30 Trinity Street
Hartford, CT 06106-0470

Bayou Affiliates Fund, LLC
40 Signal Road
Stamford, CT 06902

Bayou Affiliates Fund, LLC
C/o National Registered Agents, Inc.
9 East Loockerman, Suite 1B
Dover, DE 19901

Bayou Affiliates Fund, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Affiliates Fund, LLC
C/o Secretary of the State
30 Trinity Street
Hartford, CT 06106-0470

Bayou Group, LLC
40 Signal Road
Stamford, CT 06902

Bayou Group, LLC
C/o National Registered Agents, Inc.
12 Old Boston Post Road
Old Saybrook, CT 06475

Bayou Group, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Group, LLC
C/o Jeffrey D. Fotta
27 Beaver Place
Boston, MA

Bayou Super Fund, LLC
40 Signal Road
Stamford, CT 06902

Bayou Super Fund, LLC
C/o National Registered Agents, Inc.
9 East Loockerman, Suite 1B
Dover, DE 19901

Bayou Super Fund, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Super Fund, LLC
C/o Secretary of the State
30 Trinity Street
Hartford, CT 06106-0470

Bayou No Leverage Fund, LLC
40 Signal Road
Stamford, CT 06902

Bayou No Leverage Fund, LLC
C/o National Registered Agents, Inc.
9 East Loockerman, Suite 1B
Dover, DE 19901

Bayou No Leverage Fund, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou No Leverage Fund, LLC
C/o Secretary of the State
30 Trinity Street
Hartford, CT 06106-0470

Bayou Offshore Fund, LLC
40 Signal Road
Stamford, CT 06902

Bayou Offshore Fund, LLC
C/o National Registered Agents, Inc.
9 East Loockerman, Suite 1B
Dover, DE 19901

Bayou Offshore Fund, LLC
C/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Aristos Galatopoulos, Esq.
Ben Mays, Esq.
Maples and Calder
P.O. Box 309GT
Ugland House
South Church Street
George Town, Grand Cayman, Cayman Islands

Andrew Bowman, Esq.
1804 Post Road East
Westport, Connecticut 06880



EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In re:

Petitions of GORDON I. MACRAE and G. JAMES CLEAVER, respectively as the Joint Provisional Liquidators or as the Joint Official Liquidators for:

Bayou Offshore Master Fund, Ltd.,
Bayou Offshore Fund A, Ltd.,
Bayou Offshore Fund B, Ltd.,
Bayou Offshore Fund C, Ltd.,
Bayou Offshore Fund D, Ltd.,
Bayou Offshore Fund E, Ltd., and
Bayou Offshore Fund F, Ltd.,

Debtors in Foreign Proceedings.

In Ancillary Proceedings Under § 304 of the Bankruptcy Code:

Case No. 05-51154
Case No. 05-51155
Case No. 05-51156
Case No. 05-51157
Case No. 05-51158
Case No. 05-51159
Case No. 05-51160

ORDER FOR PRELIMINARY INJUNCTION
AND GRANTING OF PETITIONS UNDER SECTION 304

Upon consideration of the *Verified Petition In Support of the Commencement of a Case Ancillary to a Foreign Proceeding Pursuant to Section 304 of the Bankruptcy Code and For a Preliminary Injunction Under Section 304(b) of the Bankruptcy Code* (the "Petitions") filed on September 9, 2005, and the *Order to Show Cause with Respect to Temporary Restraining Order and For Preliminary Injunction* (the "Show Cause Orders") entered on September 9, 2005, with respect to each of (a) Bayou Offshore Master Fund, Ltd., an exempted limited company ("ELC") organized and incorporated under the laws of the Cayman Islands (the "Master Fund"), (b) Bayou Offshore Fund A, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund A"), (c) Bayou Offshore Fund B, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund B"), and (d) Bayou Offshore Fund C, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund C", and together with the Master Fund, Fund A, and Fund B, the "First Group of Funds"), and with respect to each of (x) Bayou Offshore Fund D, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund D"), (y) Bayou Offshore Fund E, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund E"), and (z) Bayou Offshore Fund F, Ltd., an ELC organized and incorporated under laws of the Cayman Islands ("Fund F", and together with Fund D and Fund E, the "Second Group of Funds") (the First Group of Funds and the Second Group of Funds collectively constituting the "Funds"), pursuant to Fed. R. Bankr. P. Rule 7065, Fed. R. Civ. P. Rule 65 and sections 105 and 304(b) of title 11 of the U.S. Code (the "Bankruptcy Code"), and the Court having considered and reviewed the Petitioners' *Memorandum of Points and Authorities in Support of Petitions And*

Order – Page 1

Order – Page 2

86827.3

*Application for an Order to Show Cause* submitted on September 9, 2005, the Affidavit of Publication filed on September 16, 2005, the Affidavits of Return of Summons filed on September 22, 2005, the several Orders of the Grand Court of the Cayman Islands (the "Grand Court") respectively dated September 2, 2005 or September 8, 2005, appointing and/or recognizing Gordon I. MacRae and G. James Cleaver (the "Petitioners"), as Joint Provisional Liquidators (the "JPLs") of the Funds in the First Group of Funds and as Joint Official Liquidators ("Liquidators") of the Funds in the Second Group of Funds (as annexed to the Petitions, collectively the "Grand Court Orders") (such proceedings before the Grand Court collectively constituting the "Cayman Proceedings"), and based upon the testimony, evidence and arguments of counsel submitted and presented at the hearing held by the Court on October 5, 2005, including the submissions of counsel regarding (i) the resolution of the *Objection to Request for Preliminary Injunction* served on the Court and Petitioners by ERF Hedge Fund, LLC ("ERF"), (ii) the resolution of the *Motion to Dismiss for Lack of Venue* and *Memorandum in Support of Motion to Dismiss or In Opposition to Petitioners' Application for Preliminary Injunction* filed by Silver Creek Capital Management LLC and Silver Creek Long/Short Holdings L.L.C. (together, "Silver Creek"), and (iii) the inclusion of carve-out language herein sought by ERF, Silver Creek or other parties relating to actions initiated by the Arizona Attorney General's Office, the U. S. Attorney for the Southern District of New York and the Securities & Exchange Commission, the Court makes the following findings of facts and conclusions of law:

1) The Court has jurisdiction over these matters under, *inter alia*, 11 U.S.C. § 304.

2) Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

3) Notice and/or service respectively of the Petitions and the Show Cause Orders was proper, appropriate and sufficient under the circumstances.

4) The First Group of Funds is subject to court-supervised winding-up proceedings in the Cayman Islands. In furtherance of these proceedings, Petitioners, Gordon I. MacRae and G. James Cleaver, have been appointed JPLs by order of the Grand Court dated September 2, 2005.

5) The voluntary liquidation of the Second Group of Funds was initiated by special resolution of the holder of the shares of the Second Group of Funds effectuating an appointment of the Petitioners, Gordon I MacRae and G. James Cleaver, as Liquidators of the Second Group of Funds on September 5, 2001. By order of the Grand Court dated September 8, 2005, the liquidations of the Second Group of Funds were brought under the Grand Court's supervision and the

Order – Page 3

Order – Page 4

86827.3

86827.3

property in which the Funds have an interest, or proceeds thereof, and/or seek to retain assets of the Funds, and/or withdraw from, set-off against, or otherwise apply property, including funds or other property in accounts, in which the Funds have an interest, in the United States, thereby interfering with, and causing harm to, Petitioners' efforts to administer the Funds' affairs and, as a result, the Petitioners will suffer immediate and irreparable injury for which they will have no adequate remedy at law; and

10) The interest of the public will be served by this Court's granting of the relief requested by the Petitioners.

Based upon the foregoing, it is

ORDERED that the Petitions under section 304 of the Bankruptcy Code, with respect to each and all of the Funds, are hereby granted, and it is further

ORDERED that a Preliminary Injunction is hereby issued:

    (a)    Except as set forth in Carve Out 1 below, enjoining all persons and entities from (i) taking any action to obtain possession of or exercise control over the books, records and property of the Funds in the United States; (ii) taking any action to create, perfect or enforce any lien against the Funds or their property in the United States; (iii) transferring, relinquishing or disposing of any property of the Funds in the United States; (iv) commencing or continuing any action or other legal proceeding against the Funds, or any of their property in the United States, and seeking discovery of any nature (except with respect to discovery related to affirmative claims being brought by the Funds) against the Funds without first seeking and receiving permission by the Grand Court in the Cayman Proceedings; and (v) enforcing

Order – Page 6

86827.3

---

appointments of MacRae and Cleaver as Joint Official Liquidators were effectuated.

6) Gordon I. MacRae and G. James Cleaver are "foreign representatives" of the Funds and the Cayman Proceedings are "foreign proceedings" - all within the meaning of sections 101(23), 101(24) and 304 of the Bankruptcy Code.

7) The factors set forth in section 304(c)(1)-(5) of the Bankruptcy Code weigh in favor of granting ancillary relief. Accordingly, the Court concludes that ancillary relief under section 304 of the Bankruptcy Code is appropriate under the circumstances.

8) Subject to carve-outs with respect to the Arizona Attorney General's Office, the U.S. Attorney for the Southern District of New York and the Securities & Exchange Commission, the commencement or continuation of any judicial, arbitral, administrative, or regulatory action or proceeding involving the Funds, or any property in which the Funds have an interest, or any proceeds thereof, or the withdrawal from, setting-off against, or other application of property, including funds or other property in any account, in which the Funds have an interest, in the United States, should be enjoined pursuant to section 304(b) of the Bankruptcy Code to permit expeditious and economical administration of the Funds' affairs in aid of the pending proceedings brought under Cayman Islands law, and the relief requested will not cause hardships to the parties that are not outweighed by the benefits;

9) Subject to carve-outs with respect to the Arizona Attorney General's Office, the U.S. Attorney for the Southern District of New York and the Securities & Exchange Commission, it appears to the Court that unless a preliminary injunction is issued one or more parties-in-interest may commence or continue the prosecution of judicial, arbitral, administrative, or regulatory actions or proceedings involving the Funds, or

Order – Page 5

86827.3

any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Funds, and commencing or continuing any act or action or other legal proceeding or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim against the Funds, or any of their property in the United States;

(b) Except as set forth in Carve-Out 1 and 2 below, requiring all persons or entities in possession, custody or control of the books, records and property of the Funds, or the proceeds thereof, in this district, to turn over and account to Petitioners for such books, records, property or proceeds. Consistent with Carve-Out 1 below, it is understood that the Liquidators will assert affirmative claims, through a claims process, through initiation of litigation, or through other such process, with respect to the Seized Funds (as defined below) and other allegedly commingled assets and/or proceeds held or controlled by Bayou Management, LLC, Bayou Securities and/or any related Bayou onshore entities, or any Trustee or Receiver appointed with respect to those entities or such assets;

### Carve-Out 1:

PROVIDED, HOWEVER, that with respect to subsections (a) and (b) above, the injunctive and turn-over relief granted herein shall not enjoin the proceedings of (i) the Arizona Attorney General in Case No. CV 2005-008698 pending in the Supreme Court of Arizona in and for the County of Maricopa (the "Arizona Forfeiture Action"), (ii) the United States Attorney for the Southern District of New York in Civil Action No. 05-Civ-7722 currently pending in the United States District Court in the Southern District of New York (the "U.S. Forfeiture Action") and in Criminal Actions 05-CR-1036 (CM) and 05-CR-1039 (SCR) currently pending in the United States District Court for the Southern District of New York, and any other civil or criminal action brought by the United States Attorney for the Southern District of New York, or (iii) any actions initiated by the Securities Exchange and Commission, or any state securities regulator or law enforcement agency (collectively, "Regulatory Actions"). It is not the intent or scope of this Order to effect the disposition of the $100,010,673.68 ("Seized Funds") presently subject to the Arizona Forfeiture Action. As to the Seized Funds, the Petitioners are authorized under Cayman law to make claims on behalf of the Funds, and the injunctive provisions set forth in subsection (a) hereof shall be in full force and effect as to any and all individuals or entities asserting claims against these monies vis-à-vis their status as investors or creditors of the Funds;

### Carve-Out 2:

FURTHER, with respect to the *Objection* of ERF, it is not the intent of this Order to require the turnover or an accounting of the 2004 redemption-based distribution to ERF. The Petitioners reserve the right to challenge this transaction through further actions within these Ancillary Proceedings under section 304 of the Bankruptcy Code and/or the Cayman Proceedings, and ERF reserves its right to challenge such future actions;

### Carve-Out 3:

FURTHER PROVIDED, HOWEVER, that nothing in this order shall be interpreted to prohibit the commencement or prosecution of any claims against any Bayou onshore entity, Samuel Israel III, Daniel Marino or persons acting as agents for or in concert with them, and to the extent that the Petitioners assert an affirmative claim with respect to any property held in the name of or on behalf of any Bayou onshore entities or in any Regulatory Actions, nothing in this

order shall preclude all lawful discovery permitted in such actions Including, but not limited to, discovery from the Funds.

(c) Requiring creditors of the Funds and all other persons or entities that have a claim of any nature or source against any of the Funds and who are a party to any action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever, except for these Ancillary Proceedings under section 304 of the Bankruptcy Code and any SEC action) which is pending in the United States in which any of the Funds are or were named as a party, or as a result of which a liability of the Funds may be established, to place Petitioners' United States counsel, Diamond McCarthy Taylor Finley & Lee, L.L.P. (Attn: Arley D. Finley, III), 6504 Bridgepoint Parkway, Suite 400, Austin, Texas 78730 and Cayman Islands counsel, Maples and Calder (Attn: Aristos Galatopoulos, PO Box 309GT, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands), on the master service list of any such action or other legal proceeding and to take such other steps as may be necessary to ensure that such counsel receive (i) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding, and (ii) any and all correspondence, or other documents circulated to parties named in the master service list; and

(d) Enjoining and restraining all persons and entities (including all creditors of the Funds, and anyone acting on their behalf) from taking any action and/or engaging in any efforts to collect any amounts due, in the United States, including, but not limited to, sending a notice of default or notice of acceleration as a result of the commencement of these Ancillary Proceedings under section 304 of the Bankruptcy Code or the Cayman Proceedings.

Dated: October 5, 2005.



Alan H. W. Shiff
United States Bankruptcy Judge