UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWISH FEDERATION OF METROPOLITAN CHICAGO,<br><br>Plaintiff,<br><br>v.<br><br>BAYOU MANAGEMENT, LLC, SAMUEL ISRAEL, III, DANIEL MARINO, BAYOU GROUP, LLC, BAYOU SECURITIES, LLC, BAYOU ADVISORS, LLC, BAYOU EQUITIES, LLC, BAYOU FUND, LLC, BAYOU SUPER FUND, LLC, BAYOU NO LEVERAGE FUND, LLC, BAYOU AFFILIATES FUND, LLC, BAYOU ACCREDITED FUND, LLC, BAYOU OFFSHORE FUND, LLC, BAYOU OFFSHORE FUND A, LTD, BAYOU OFFSHORE FUND B, LTD, BAYOU OFFSHORE FUND C, LTD, BAYOU OFFSHORE FUND D, LTD, BAYOU OFFSHORE FUND E, LTD, BAYOU OFFSHORE FUND F, LTD BAYOU OFFSHORE MASTER FUND, LTD, and DOES 1-25, Inclusive,<br><br>Defendants. | Civil Action No. 3:05CV01401 (SRU)<br><br><br><br>November 4, 2005 |

## MOTION FOR DEFAULT JUDGMENT
## AS TO THE ONSHORE ENTITIES

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, Jewish Federation of Metropolitan Chicago (the "Federation"), respectfully requests that the Court enter a default judgment against Defendants Bayou Management, LLC, Bayou Group, LLC, Bayou Securities, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC, Bayou Super Fund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, and Bayou Offshore Fund, LLC (collectively the "Onshore Entities") for failure to

appear, answer, plead in or otherwise defend this action.[1] In support of this motion, the Federation submits the attached Affidavit of Kent D.B. Sinclair (attached hereto as Exhibit 1) and further states as follows:

### A. The Motion For Default Judgment Should Be Granted Because The Onshore Entities Failed To Answer Or Otherwise Respond To The Complaint.

1. On September 2, 2005, the Federation filed the Complaint in the above-captioned matter. *See* Complaint (Docket No. 1).

2. Defendants Bayou Management, LLC, Bayou Securities, LLC, and Bayou Fund, LLC are limited liability companies organized under the laws of New York with principal places of business in Stamford, Connecticut. *See* Complaint ¶¶ 17-18, 21.

3. Defendant Bayou Group, LLC is a limited liability company organized under the laws of Connecticut with a principal place of business in Stamford, Connecticut. *See* Complaint ¶ 14.

4. Defendants Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC, Bayou Super Fund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, and Bayou Offshore Fund, LLC are limited liability companies organized under the laws of Delaware with principal places of business in Stamford, Connecticut. *See* Complaint ¶¶ 19-20, 21-26.

5. Service of process on all of the Onshore Entities was completed by September 11, 2005 when they were served with the Summons and Complaint in the above-captioned matter through their respective registered agents and served via certified mail at their registered service

---

[1] The Federation has not sought an entry of default against Bayou Offshore Fund A, Ltd., Bayou Offshore Fund B, Ltd., Bayou Offshore Fund C, Ltd., Bayou Offshore Fund D, Ltd., Bayou Offshore Fund E, Ltd., Bayou Offshore Fund F, Ltd., and Bayou Offshore Master Fund, Ltd., (collectively the "Offshore Entities") as each of them is currently the subject of an Ancillary Proceeding in the United States Bankruptcy Court for the District of Connecticut, which has issued a preliminary injunction staying further action against the Offshore Entities.

of process addresses. Copies of the affidavits of service on the Onshore Entities were attached as Exhibit A to Plaintiff's Application for Entry of Default as to the Onshore Entities at Docket No. 60.

6. The time within which the Onshore Entities shall serve responsive pleadings or otherwise defend as required by Rule 12(a) of the Federal Rules of Civil Procedure has expired. Plaintiff has received no notices of appearance nor any answers from any of the Onshore Entities.

7. Plaintiff filed and served an application for entry of default against all other Defendants on October 5, 2005 (Docket No. 60). That motion was granted and docketed by the Court on October 25, 2005 (Docket No. 64).

8. To date, no responses of any type has been filed or served by any of the Onshore Entity Defendants. Sinclair Affidavit ¶ 5.

**B.  Assessment Of Damages.**

9. As set forth more fully in the Complaint (Docket No. 1), in March 2004, the Federation invested two million dollars ($2,000,000) in one of the funds within the Bayou Group hedge fund company, specifically the Bayou Offshore Fund B, Ltd. The Federation invested an additional two million dollars ($2,000,000) in the same fund in July 2004, for a total investment in the Bayou Group of four million dollars ($4,000,000). Complaint ¶¶ 44, 46-47; Sinclair Affidavit ¶ 8.

10. The Onshore Entities and the other defendants in this case have misappropriated the Federation's $4,000,000 investment. Complaint ¶ 1. In fact, in connection with the misappropriation of funds from the Federation and other investors in the Bayou group of funds, on September 29, 2005, Defendant Samuel Israel, III and Defendant Daniel Marino, pleaded

3

guilty to federal criminal charges including conspiracy to commit fraud and investment adviser fraud. Sinclair Affidavit ¶¶ 6-7.

11.    In its Complaint, the Federation asserts several causes of action against Defendant Israel and the other defendants, including a count for civil conspiracy (Count VIII). That Count includes the assertions that Israel and the other defendants "combined and acted in concert with a common purpose to defraud [the Federation] . . . and to unlawfully convert and misappropriate monies belonging to Plaintiff." Complaint ¶ 112.

12.    Under Connecticut law, Defendant Israel is jointly and severally liable for the damages resulting from such a civil conspiracy. *See, e.g., Desrosiers v. American Cyanamid Co.*, 1966 U.S. Dist. LEXIS 7184m *70*8 (D. Conn. 1966) (discussing effect of addition of civil conspiracy claim as changing the individual liability of the defendant into joint and several liability against both the defendant and the other alleged participants); *Noll v. Hartford Roman Catholic Dioceasan Corp.*, 2005 Conn. Super. LEXIS 2093, 8 n.13 (Conn. Super. Ct. July 29, 2005) ("whatever was done in pursuance of the conspiracy by one of the conspirators is considered as the act of all conspirators; all are equally liable therefore as joint tortfeasors . . . .") (citation omitted); *Governors Grove Condominium Assoc. v. Hill Dev. Corp.*, 36 Conn. Supp. 144, 151, 156 (1980) ("all conspirators are civilly liable for the damage resulting from any overt act committed by one of them pursuant to the combination. [...] [P]ersons who knowingly join a fiduciary in an enterprise which constitutes a breach of his fiduciary duty of trust are jointly and severally liable for any injury which results.") (citations omitted).

13.    The Federation was damaged in the amount of at least four million dollars ($4,000,000).

4

WHEREFORE, Plaintiff, the Federation, through its attorneys, respectfully requests that the Court enter a default judgment against each of the Onshore Entities, order that Defendants Bayou Management, LLC, Bayou Group, LLC, Bayou Securities, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC, Bayou Super Fund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, and Bayou Offshore Fund, LLC are each jointly and severally liable for the Federation's loss, and award damages in the amount of four million dollars ($4,000,000).

Respectfully submitted,

Jewish Federation of Metropolitan Chicago
By its attorneys,

/s/  Kent D.B. Sinclair
William L. Prickett, Fed. Bar No. ct20907
Kent D.B. Sinclair, Fed. Bar No. ct14649
Jodi D. Luster, *phv0543*
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Tel: 617-946-4800
Fax: 617-946-4801
wprickett@seyfarth.com
ksinclair@seyfarth.com
jluster@seyfarth.com

Gerald T. Giaimo, Fed. Bar No. ct14885
Tyler Cooper & Alcorn, LLP
205 Church St.
New Haven, CT 06509-1910
Tel:  203-784-8557
Fax: 203-865-7865
Giaimo@tylercooper.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the forgoing document this 4th day of November, 2005, by first class mail, postage prepaid, to all persons identified on attached service list.

/s/ Kent D.B. Sinclair
Kent D.B. Sinclair

## Service List

*Bayou Management, LLC:*

Bayou Management, LLC
40 Signal Road
Stamford, CT 06902

Bayou Management, LLC
c/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Management, LLC
c/o Faust Rabbach & Oppenheim
488 Madison Avenue
New York, NY 10022

*Samuel Israel, III:*

Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

*Daniel Marino:*

Andrew B. Bowman, Esq.
1804 Post Road East
Westport, CT 06880

*Bayou Group, LLC:*

Bayou Group, LLC
c/o National Registered Agents, Inc.
Alex Tighe
12 Old Boston Post Road
Old Saybrook, CT 06475

*Bayou Securities, LLC:*

Bayou Securities, LLC
c/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

Bayou Securities, LLC
c/o Thomas J. Williams, Esq.
16 Ann Jin Drive
Greenwich, CT 06830

## Service List (cont.)

*Bayou Advisors, LLC:*

Bayou Advisors, LLC
c/o Faust, Rabbach & Oppenheim
488 Madison Avenue
New York, NY 10022

*Bayou Equities, LLC:*

Bayou Equities, LLC
c/o Faust, Rabbach & Oppenheim
488 Madison Avenue
New York, NY 10022

*Bayou Fund, LLC:*

Bayou Fund, LLC
40 Signal Road
Stamford, CT 06902

Bayou Fund, LLC
c/o Samuel Israel, III
52 Oregon Road
Bedford Corners, NY 10549

*Bayou Super Fund, LLC:*

Bayou Super Fund, LLC
40 Signal Road
Stamford, CT 06902

*Bayou No Leverage Fund, LLC:*

Bayou No Leverage Fund, LLC
40 Signal Road
Stamford, CT 06902

*Bayou Affiliates Fund, LLC:*

Bayou Affiliates Fund, LLC
40 Signal Road
Stamford, CT 06902

*Bayou Accredited Fund, LLC:*

Bayou Accredited Fund, LLC
40 Signal Road
Stamford, CT 06902

2

### Service List (cont.)

*Bayou Offshore Fund, LLC:*

Bayou Offshore Fund, LLC
40 Signal Road
Stamford, CT 06902

Aristos Galatopoulos, Esq.
Maples and Calder
P.O. Box 309GT
Ugland House, South Church Street
George Town, Grand Cayman,
Cayman Islands

Arley D. Finley, III
Diamond McCarthy Taylor
 Finley & Lee, L.L.P.
6504 Bridgepoint Parkway
Suite 400
Austin, TX 78730