A CERTIFIED TRUE COPY

APR 1 8 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RELEASED FOR PUBLICATION

DOCKET NO. 1755

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 8 2006

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE BAYOU HEDGE FUNDS INVESTMENT LITIGATION

> *Jewish Federation of Metropolitan Chicago v. Bayou Management, LLC, et al.*, D. Connecticut, C.A. No. 3:05-1401
> *Broad-Bussel Family LP, et al. v. Bayou Group, LLC, et al.*, D. Connecticut, C.A. No. 3:05-1762
> *DePauw University v. Hennessee Group LLC, et al.*, S.D. Indiana, C.A. No. 2:05-249
> *Thomas Gleason v. Bayou Management, LLC, et al.*, S.D. New York, C.A. No. 7:05-8532

### BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of two actions in the District of Connecticut and one action each in the Southern District of Indiana and the Southern District of New York. Plaintiffs in one of the District of Connecticut actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Connecticut. Plaintiff in the Southern District of Indiana action, DePauw University (DePauw), opposes centralization. One group of defendants[1] in two of the four actions opposes centralization for the sole purpose of objecting to jurisdiction and venue for trial at any situs other than the Southern District of New York, but these defendants otherwise have no objection to plaintiffs' motion for transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning allegedly fraudulent activity in the operation of one or more Bayou investment funds.[2] Centralization under Section 1407 is necessary

---

[*] Judges Hodges and Keenan did not participate in the decision of this matter.

[1] Hennessee Group, LLC, Charles Gradante and E. Lee Hennessee (the Hennessee defendants).

[2] Bayou Superfund, LLC; Bayou No Leverage Fund, LLC; Bayou Affiliates Fund, LLC; Bayou Accredited Fund, LLC; Bayou Offshore Fund, LLC; Bayou Fund, LLC; Bayou Offshore Fund A, LTD; Bayou Offshore Fund B, LTD; Bayou Offshore Fund C, LTD; Bayou Offshore Fund D, LTD; Bayou

(continued...)

A CERTIFIED COPY
J. MICHAEL McMAHON, - CLERK

BY _____
DEPUTY CLERK

in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

DePauw argues in opposition to centralization that resolution of its action will depend on facts not present in the other actions, like the specific advice given to DePauw by the Hennessee defendants regarding DePauw's investment in the Bayou hedge funds, and that centralization is therefore unnecessary. We disagree. The alleged improprieties regarding the Bayou hedge funds forms the factual backdrop to all actions presently before the Panel. Moreover, the Hennessee defendants are named in two of the four actions. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We conclude that the Southern District of New York is an appropriate transferee forum for this litigation. Three government civil actions[3] regarding the Bayou hedge funds are currently pending there, as well as the criminal proceedings against Israel and Marino. By centralizing this litigation before Judge Colleen McMahon, who presides over those five government matters and the New York action before the Panel, we are assigning this litigation to a jurist who is familiar with the litigation and has the experience necessary to steer this litigation on a prudent course.

---

[2](...continued)
Offshore Fund E, LTD; Bayou Offshore Fund F, LTD; and Bayou Offshore Master Fund, LTD (collectively the Bayou hedge funds). These funds are named as defendants in one or more actions. Defendants in multiple actions also include Bayou Group, LLC; Bayou Management, LLC; Bayou Securities, LLC; Bayou Advisors, LLC; Bayou Equities, LLC; and the Bayou hedge funds' key principals, Samuel Israel, III (Israel) and Daniel E. Marino (Marino), who have pled guilty to multiple criminal counts of fraud and other charges in connection with their operation of the Bayou hedge funds.

[3] These actions were brought against certain defendants by, respectively, the Securities and Exchange Commission, the Commodity Futures Trading Commission, and the United States Attorney for the Southern District of New York.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Colleen McMahon for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman

RULE 1.6: TRANSFER OF FILES

(a) Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b) If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c) If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d) Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
    (i) a certified copy of the individual docket sheet for each action being remanded;
    (ii) a certified copy of the master docket sheet, if applicable;
    (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
    (iv) a certified copy of the final pretrial order, if applicable; and
    (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e) The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.